UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALFRED TIMINSKI,                    )
            Plaintiff,             )
                                   )
        v.                         )        C.A. No. 03-12625-NG
                                   )
COMMUNIST PARTY, et al.,           )
                                   )
            Defendants.            )

PROCEDURAL ORDER

For the reasons stated below, plaintiff is directed to file a complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

BACKGROUND

On December 15, 1003, plaintiff Alfred Timinski, a resident of the New England Shelter for Homeless Veterans, filed his self-prepared application to proceed without prepayment of the filing fee as well as a civil cover and a civil category sheet. Plaintiff did not submit a document entitled "Complaint."  However, in the space labeled "cause of Action" on the civil cover sheet, plaintiff states that "[t]his is a civil rights action plaintiff states that the defendant through attorney David Culletin and Neal Osborne are denying plaintiff his assets."  See civil cover sheet.

DISCUSSION

I.    The Court is Authorized to Screen This Action

1

Because plaintiff seeks to file this action without prepayment of the filing fee, a summons has not issued in order to allow the Court to review plaintiff's filings to determine whether they satisfy the requirement of the federal in forma pauperis statute, 28 U.S.C. § 1915.

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  An in forma pauperis complaint may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Even construing plaintiff's pleadings generously, Haines v. Kerner, 404 U.S. 519, 520 (1972), plaintiff's action is subject to dismissal for the reasons stated below.

II.  Plaintiff is Directed to File a Complaint

In order to commence a civil action in this Court, a plaintiff must file a complaint.  Fed. R. Civ. P. 3.  The

2

complaint must contain a "short and plain statement" (1) of

the grounds upon which the court's jurisdiction rests and (2)

of the claim(s) showing that the pleader is entitled to

relief.  Fed. R. Civ. P. 8(a).  The complaint must also

contain a demand for judgment.  <u>Id.</u>

The completion of a civil cover sheet (as well as a

category sheet) is required by the local rules of this Court

for the use by the Clerk of the Court to create the docket

sheet and to prepare necessary indices and statistical

records.  <u>See</u> L.R. 3.1.  The civil cover sheet states, both in

the instructions and at the top of the page that "the

information contained herein neither replaces nor supplements

the filings and service of pleading [sic] or other papers. .

." <u>See</u> Civil cover sheet.  As completed by plaintiff, the

civil cover sheet contains no allegations demonstrating

jurisdiction, a claim(s) for relief, or a demand for judgment

sufficient to comply with the strictures of Rule 8.

Although at least one court has held, in the context of a

bankruptcy proceeding, that a civil cover sheet cannot be

treated as a cognizable substitute for a complaint, <u>see</u> <u>In re</u>

<u>Calafiore</u>, 237 B.R. 249, 252 (D. Conn. 1999), this Court,

consistent with its duties to construe pro se pleadings

generously, will grant time to plaintiff to file a complaint

that conforms with the Federal Rules of Civil Procedure and
the Local Rules of this Court.  Haines v. Kerner, 404 U.S.
519, 520 (1972) (holding that pro se litigants are entitled to
liberal construction of their pleadings); McClellon v. Lone
Star Gas Company, 66 F.3d 98, 103 (5th Cir. 1995) (pro se
complainant should be given leave to amend defective
allegations; amended complaint filed to cure Rule 8 pleading
deficiencies relate back to the original, deficient complaint
when the amended complaint properly pleads what the party
"attempted to set forth" in the original complaint); see also
Instituto de Educacion Universal Corp. v. Department of Educ.,
209 F.3d 18, 23 (1st Cir. 2000) (stating that court was
"troubled" by rigid approach to the construction of pleadings;
where action had been transferred to the court without a
complaint it could direct litigant to file a complaint).

CONCLUSION

    Accordingly, plaintiff is directed to file a complaint
within thirty-five (35) days from the date of this Memorandum
and Order, or this action will be dismissed pursuant to 28
U.S.C. § 1915(e)(2) without further notice as lacking any
arguable legal or factual basis.

    The Clerk is directed to send plaintiff a copy of "Step
by Step: A Simple Guide to Filing a Civil Action."

SO ORDERED.

Dated at Boston, Massachusetts, this <u>12th</u> day of <u>January</u>, 2004.


                              <u> /s Nancy Gertner          </u>
                              NANCY GERTNER
                              UNITED STATES DISTRICT JUDGE