SCANNED
DATE: 4-7-04
BY: [signature]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
ALFRED TIMINSKI,              )
                              )
         Plaintiff,           )
                              )
   v.                         )     Civil Action No. 03-CV-12625-NG
                              )
COMMUNIST PARTY OF AMERICA,   )
                              )
         Defendant.           )
```

**OPPOSITION BY PROPOSED DEFENDANT FLEET NATIONAL BANK TO PLAINTIFF'S APPARENT MOTION FOR LEAVE TO AMEND COMPLAINT**

### I. INTRODUCTION

On March 26, 2004, counsel for Proposed Defendant Fleet National Bank ("Fleet" or "the Bank") was served with a "Complaint" that purports to "add" to this action "a case Plaintiff had against Fleet National Bank in Suffolk County [Superior] Court."[1] That prior state court case was adjudicated on the merits in Fleet's favor when the Superior Court Department of the Massachusetts Trial Court ("Superior Court") granted the Bank's Mass. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. (See Exhibit A, pp. A-6 through A-11; A-16 through A-17.)

Fleet understands the recently-served "Complaint" to be both: (a) a Motion For Leave to Amend to add a new party, as required by Rule 15.1 of the Local Rules of the United States District Court for the District of Massachusetts; and (b) Plaintiff's Proposed

---

[1] A copy of the "Complaint," which was served without a summons, is attached hereto as Exhibit A. For ease of reference, Fleet has marked the individual pages of Exhibit A as pages A-1 through A-17.

Amended Complaint itself.[2]  As set forth more fully below, Plaintiff's Motion For Leave to Amend should be denied because the proposed amendment is futile.  As a threshold matter, this Court lacks subject matter jurisdiction over Plaintiff's claims against Fleet. Plaintiff's claims against the Bank are also barred by the doctrine of *res judicata*, because they have already been decided on the merits by the Superior Court.[3]  Finally, the merits of the claims have not changed despite Plaintiff's attempt to resurrect them in this Court. Plaintiff's claims against Fleet remain: (i) delusional; and (ii) time-barred.

## II. THE PARTIES

At the time he served his Motion For Leave To Amend, Plaintiff John Timins[4] lived at the New England Shelter for Homeless Veterans, 17 Court Street, Boston, Massachusetts.  (Exhibit A, p. A-2; Exhibit D, ¶ 1).  At that same time, Proposed Defendant Fleet was a bank organized and existing under the laws of the United States with its principal place of business in Boston, Massachusetts.  (Exhibit A, p. A-6).

---

[2] In this memorandum, Fleet occasionally refers to the "Complaint" as either the "Motion For Leave To Amend" or the "Proposed Amended Complaint" when the context seems to so require.

[3] Fleet requests that this Court take judicial notice of the Superior Court documents attached hereto at pages A-6 though A-11 and A-16 through A-17 of Exhibit A, and as Exhibits B through D.  Fed. R. Evid. 201.

[4] Mr. Timins was formerly known as Alfred Timinski.  He legally changed his name on February 17, 2004.  The Probate Court Certificate confirming the name change (Exhibit B) was filed and docketed in the Superior Court action.  See Exhibit C.  As he acknowledges on the first page of his recently-served "Complaint," the Plaintiff here is the same person as the Plaintiff in the Superior Court case.  See Exhibit A, p. A-1 ("Plaintiff… needs to add a case Plaintiff had against Fleet National Bank in Suffolk County Court").

### III. THE SUPERIOR COURT COMPLAINT AND ITS DISMISSAL PURSUANT TO MASS. R. CIV. P. 12(b)(6)

In his *pro se* Superior Court Complaint, which was filed on January 7, 2004, Plaintiff alleged that:

(a) The late President John F. Kennedy ("President Kennedy") is Plaintiff's father;

(b) Plaintiff was born before President Kennedy was married;

(c) President Kennedy "left" Plaintiff $2.2 trillion;

(d) Fleet is holding $110 billion in certificates of deposit ("CDs") in the name of "Alfred Timinski (Kennedy)";

(e) Fleet refuses to turn the CDs over to Plaintiff; and

(f) Plaintiff first raised this matter in April, 1998 with the Vice President of Fleet's Brookline, Massachusetts branch (where President Kennedy "had done his banking as a young man").

Exhibit D, ¶ 3. Plaintiff sought damages in Superior Court in the amount of $233 billion because Fleet allegedly denied him "the ability" to run for the presidency of the United States in the year 2000. Exhibit D, ¶ 3 and "Wherefore" paragraph.

Fleet moved to dismiss the Superior Court Complaint pursuant to Mass. R. Civ. P. 12(b)(6), which is analogous to Fed. R. Civ. P. 12(b)(6). (See Exhibit A, pp. A-6 through A-11). On February 24, 2004, Superior Court Associate Justice Diane M. Kottmyer allowed Fleet's motion to dismiss "for the reasons stated in the motion." (Exhibit A, p. A-6). Judgment then entered in the Superior Court in favor of Fleet and against Plaintiff on March 2, 2004. (Exhibit A, pp. A-16, A-17).

On March 26, 2004, Fleet's counsel was served with the "Complaint" at issue here. As noted above, Plaintiff now seeks "to add [the] case [he] had against Fleet National Bank" in Superior Court. (Exhibit A, p. A-1).

### IV. ARGUMENT

**A.  The Court Should Deny Plaintiff's Motion for Leave To Amend Because The Proposed Amendment Is Futile.**

While Fed. R. Civ. P. 15(a) provides that "leave [to amend] shall be freely given when justice so requires," a court may properly deny a motion for leave to amend a complaint on the basis of "futility." Glassman v. Computervision Corp., 90 F.3d 617, 622 (1st Cir. 1996). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Id., at 623. Plaintiff's Proposed Amended Complaint is futile for several reasons.

  1.  This Court Lacks Subject Matter Jurisdiction.

In his Proposed Amended Complaint, Plaintiff has failed to state any claim over which this Court has subject matter jurisdiction. Plaintiff has not stated a claim purporting to be "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Rather, he simply alleges that Fleet refused to give him $110 billion in CDs that President Kennedy "left" for him. Exhibit D, ¶ 3. That is a common law tort claim (such as a claim for conversion),[5] or perhaps a claim for unfair business practices

---

[5] Under Massachusetts law, a claim for conversion lies where the defendant intentionally and wrongfully exercises acts of ownership, control or dominion over the property of the plaintiff without right. See Third National Bank of Hampden County v. Continental Ins. Co., 388 Mass. 240, 244, 446 N.E.2d 380, 383 (1983).

under M.G.L. c. 93A. In any event, there is no allegation of any violation of federal law. Thus, there is no "federal question" jurisdiction.

Likewise, there is no "diversity jurisdiction" under 28 U.S.C. §1332. When this action was commenced, and still later when the Motion For Leave To Amend was served, Plaintiff was a Massachusetts resident. (Exhibit A, p. A-2; Exhibit D, ¶ 1). At those same times, Fleet had its principal place of business in Massachusetts. (Exhibit A, p. A-6).[6]

In sum, Plaintiff's Proposed Amended Complaint is futile because this Court has no subject matter jurisdiction over the claims against Fleet. The Motion For Leave To Amend should therefore be denied.

2.  The Doctrine of *Res Judicata* Bars Plaintiff's Claims Against Fleet.

Even if the Court did have subject matter jurisdiction (which it does not), Plaintiff's Proposed Amended Complaint would still be futile because the claims against Fleet are barred by the doctrine of *res judicata*. *Res judicata*, or claim preclusion, bars claims when earlier litigation between same parties concerned the same claim and reached a final judgment on the merits. In re: Colonial Mortgage Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003).

---

[6] On March 30, 2004, Plaintiff notified the Court and counsel for Fleet that he had a new Colorado address. On April 1, 2004, Fleet merged with Bank of America, which has its headquarters in North Carolina. Neither of these events -- which occurred after this suit was filed and after the Motion For Leave To Amend was served -- can create diversity jurisdiction. "Whether federal diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced." 13B C. Wright, A Miller E. Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3608 at p. 448 (1984). "A corollary of the general rule that diversity is determined as of commencement is that if diversity of citizenship did not exist when the action was commenced, it cannot be created by a later change of domicile by one of the parties or some other event." Id. at 458.

In assessing the "futility" of proposed amendments, using the Rule 12(b)(6) standard (see Glassman, supra, 90 F.3d at 623), the Court should "assume the truth of all well-pleaded facts and indulge all reasonable inferences that fit the plaintiff's stated theory of liability." In re: Colonial Mortgage Bankers Corp., supra, 324 F.3d at 15. The Court must also consider "matters fairly incorporated within [the complaint] and matters susceptible to judicial notice." Id. But the Court need not "credit bald assertions, unsupportable conclusions, and opprobrious epithets woven into the fabric of the complaint." Id. (quotations and citations omitted).

Plaintiff admits on the face of his "Complaint" that he wishes to "add a case [he] had against Fleet National Bank in Suffolk County Court." Exhibit A, p. A-1. The case number was "04 0065G" and/or "SUCV2004 00065." Id. Hence, there can be no doubt that the earlier litigation involved the same parties and the same claims which Plaintiff now seeks to bring before this Court.

The last remaining element of res judicata is that the prior litigation must have reached a final judgment on the merits. Here, the Superior Court entered a final judgment on the merits in favor of Fleet and against the Plaintiff. First, on February 24, 2004, Superior Court Associate Justice Kottmyer granted Fleet's Rule 12(b)(6) motion to dismiss "for the reasons stated in the motion." (Exhibit A, p. A-6). Then, on March 2, 2004, the Superior Court clerk's office entered the final judgment on the docket. (Exhibit A, pp. A-16, A-17).

While Plaintiff claims that the Superior Court action was "illegally dismissed by the court without a judges [sic.] signature" (Exhibit A. p. A-1), "illegality" is not a factual assertion. Rather, it is a legal conclusion that should be ignored for purposes of the

present motion. See In re: Colonial Mortgage Bankers Corp., supra, 324 F.3d at 17. Moreover, Plaintiff's contention is baseless. The Superior Court Judgment need not have been signed by a judge. Mass. R. Civ. P. 58(a) directs a clerk to "prepare, sign, and enter judgment without awaiting any direction from the court" after a decision by the court to deny all relief.

Because the claims in Plaintiff's Proposed Amended Complaint are barred by the doctrine of *res judicata*, they are futile and the Motion For Leave To Amend should be denied.

3.   Plaintiff's Claims Are Delusional.

If it chooses to review the merits of Plaintiff's Proposed Amended Complaint at all, the Court should still deny the Motion For Leave To Amend. Plaintiff's claims are futile because they are delusional.

Claims describing fantastic or delusional scenarios are subject to dismissal under Fed. R. Civ. P. 12(b)(6) as being frivolous. See, e.g., 28 U.S.C. § 1915(e)(2)(B) (concerning dismissal of *in forma pauperis* claims); Neitzke v. Williams, 490 U.S. 319, 328, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989) (concerning dismissal of *in forma pauperis* claims under the predecessor to § 1915(e)); Tyler v. Carter, et al., 151 F.R.D. 537 (1993), aff'd, 41 F.3d 1500 (2nd Cir. 1994) (concerning dismissal of claims by fee-paying plaintiffs). In Tyler, for example, the plaintiff filed a *pro se* complaint against former president Carter and then-president Clinton in which she alleged, among other things, that she was a "cyborg," that President Clinton had made a fortune in the death-hunting industry, and that he was responsible for the murder of 10 million African-American women in concentration camps and for selling African-American girls. 151

F.R.D. at 537-538. The United States District Court for the Southern District of New York dismissed the complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6), and noted that "[a] plaintiff asserting fantastic or delusional claims should not . . . obtain a license to consume limited judicial resources and put defendants to effort and expense." 151 F.R.D. at 540.

At this stage of the present case, Fleet need not and does not challenge Plaintiff's assertion that he is President Kennedy's son. However, the facts that Plaintiff: (i) claims that any person (in this case, President Kennedy) could possibly amass $2.2 trillion to leave to him; (ii) seeks hundreds of billions of dollars in damages; and (iii) claims that he has been unable to run for the United States presidency establish that his proposed claims are fantastic, delusional, and thus futile. The Motion to Amend should therefore be denied. Compare Gordon v. Secretary of State of New Jersey, 460 F. Supp. 1026, 1027 (D.N.J. 1978) (case dismissed where prisoner alleged that he was denied the presidency of the United States because of his illegal incarceration; Court noted that "whether in jail or not, nothing prevented [plaintiff] from seeking to gain the votes of enough electors to have been elected President of the United States").

4.  Because Nearly Six Years Have Passed Since They Accrued, Plaintiff's Proposed Claims Are Barred By the Applicable Statutes Of Limitations.

In his Superior Court Complaint, Plaintiff expressly states that he first approached Fleet to discuss his allegedly wrongfully-withheld inheritance in April, 1998. (Exhibit D, ¶ 3). Thus, for statute of limitations purposes, Plaintiff's claims against Fleet accrued no later than that date. See Stark v. Advanced Magnetics, Inc., 50 Mass. App. Ct. 226, 232-233, 736 N.E.2d 434, 442 (2000) (tort and c. 93A claims accrue at the time the plaintiff is

injured; plaintiff need not know the full extent of his injury; all that is necessary is that an event or events have occurred that are reasonably likely to put plaintiff on notice of his injury).[7]

Whether the Court reads the Proposed Amended Complaint as alleging either a tort such as conversion or a violation of M.G.L. c. 93A, Plaintiff's claims are time-barred because he waited almost six full years after his claims accrued in April 1998 to seek leave to file them in this suit. See M.G.L. c. 260, §§ 2A and 5A (tort claims must be brought within three years after the cause of action accrues; claim for violation of M.G.L. c. 93A must be brought within four years after the cause of action accrues). Because Plaintiff's claims against Fleet would be subject to dismissal under Fed. R. Civ. P. 12(b)(6) as time-barred, the Proposed Amended Complaint is futile.[8] See In Re New England Life Ins. Co. Sales Practices Litigation, 346 F.3d 218 (1st Cir. 2003) (Fed. R. Civ. P. 12(b)(6) is an appropriate vehicle to raise statute of limitations defense). Plaintiff's Motion For Leave To Amend should therefore be denied.

## V. CONCLUSION

For all of the foregoing reasons, Plaintiff's Proposed Amended Complaint is futile. Fleet respectfully requests that the Court deny Plaintiff's Motion For Leave To Amend his Complaint to add Fleet as a new party.

---

[7] It is immaterial to the "accrual" analysis that Plaintiff alleged that he was unable to run for the presidency in 2000. Indeed, Plaintiff claimed that his electoral difficulties were simply a result of Fleet's April, 1998 refusal to release the CDs to him.

[8] Even if it were timely, a c. 93A claim would nonetheless be barred because Plaintiff has not alleged that he sent Fleet the pre-suit demand letter required by M.G.L. c. 93A, § 9.

Respectfully submitted,

FLEET NATIONAL BANK,
By its attorneys,

*Stephen C. Reilly*
Stephen C. Reilly, BBO # 555371
Alexander Klibaner, BBO #659300
SALLY & FITCH LLP
225 Franklin Street, 30th Floor
Boston, MA 02110
(617) 542-5542

Dated: April 6, 2004

## CERTIFICATE OF SERVICE

I, Stephen C. Reilly, hereby certify that a true and accurate copy of the above document was served upon the *pro se* plaintiff by regular mail on April 6, 2004.

*Stephen C. Reilly*
Stephen C. Reilly

10